# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JUDITH ELLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:15-CV-59-TLS |
| | ) | |
| NISOURCE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On February 18, 2015, the Plaintiff, Judith Ellison, filed a Complaint [ECF No. 1] against the Defendant, NiSource, Inc., under the Fair Labor Standards Act ("FLSA") and the Indiana Minimum Wage Law ("IMWL"), seeking to recover overtime wages that the Plaintiff alleged were owed to her. On April 27, 2015, the Defendant filed an answer [ECF No. 6] contesting that the Plaintiff's entitlement to overtime wages.

This matter is now before the Court on the Joint Motion for Approval of the Parties' Negotiated Settlement and for Dismissal with Prejudice [ECF No. 20], filed on January 22, 2016. The Court has reviewed the Confidential Settlement Agreement, which was submitted for in-camera review. The Confidential Settlement Agreement sets forth the parties' agreements with respect to their claims against each other.

## ANALYSIS

Stipulated settlements in an FLSA case for the recovery of unpaid overtime compensation must be approved by the Court in the absence of direct supervision by the Secretary of Labor. *See* 29 U.S.C. § 216(c). The governing provision provides:

> The Secretary is authorized to supervise the payment of the unpaid minimum

> wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207 of this title, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages.

*Id.* "[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). But "[s]ection 16(c) creates the possibility of a settlement, supervised by the Secretary to prevent subversion, yet effective to keep out of court disputes that can be compromised honestly." *Id.* Because the Secretary has not supervised this settlement, the Court must approve it.

"To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 994–95 (N.D. Ind. 2010) (citations, brackets, and quotation marks omitted). A reviewing court normally approves a settlement where it is based on "contentious arm's-length negotiations, which were undertaken in good faith by counsel" and where "serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id.* (quoting *Reyes v. Buddha–Bar NYC*, No. 08 CV 2494(DF), 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)) (additional citation and quotation marks omitted).

The Plaintiff alleges that the Defendant failed to comply with statutory overtime provisions when it misclassified the Plaintiff as an exempt employee, and then failed to pay her overtime wages when she worked in excess of forty hours per week. The Defendant has denied

any wrongdoing. Based on the pleadings, the Court finds that serious questions of law and fact exist as to liability and damages. In light of these issues, the value of an immediate recovery outweighs the mere possibility of further relief after litigating the matter further at the trial court level. Additionally, the parties are represented by counsel, who have negotiated in good faith and at arm's length.

Finding that the settlement is fair and reasonable, and "reflects a reasonable compromise of disputed issues," *Burkholder,* 750 F. Supp. 2d at 995, the Court approves the Confidential Settlement Agreement. The Court also finds that the agreement's confidentiality is a material term in the parties' Confidential Settlement Agreement, which the parties would have otherwise executed as a private, confidential settlement agreement.

## CONCLUSION

For the reasons stated above, the Court APPROVES the Confidential Settlement Agreement; and GRANTS the parties' Joint Motion for Approval of the Parties' Negotiated Settlement and for Dismissal with Prejudice [ECF No. 20]. Therefore, the Court, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), DIRECTS the Clerk of this Court to DISMISS WITH PREJUDICE this cause of action. However, the Court RETAINS JURISDICTION to enforce the Confidential Settlement Agreement. Each party will bear its own costs and attorney's fees.

SO ORDERED on February 29, 2016.

     s/ Theresa L. Springmann
     THERESA L. SPRINGMANN